## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## T & C, LLC, doing business as Hot Sam's Quality Clothes, Respondent.

### No. 01–1515.

United States Court of Appeals, Sixth Circuit.

June 19, 2001.

Before NELSON, BOGGS, and SUHRHEINRICH, Circuit Judges.

## JUDGMENT

The National Labor Relations Board (the "Board") applies for summary enforcement of its September 29, 2000, decision and order in Case No. 7–CA–42366 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court.[1] Under these circumstances, we conclude the Board is entitled to the relief sought. *See* 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")

It therefore is **ORDERED** that the Board's decision and order in Case No. 7– CA–42366 is hereby enforced. The respondent, T & C, LLC, d/b/a Hot Sam's Quality Clothes, Detroit Michigan, its officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Failing and refusing to bargain with the Chicago and Central States Joint Board, Union of Needletrades Industrial Textile Employees, AFL–CIO, the exclusive collective bargaining representative of its employees in the following appropriate units:

All employees of respondent's present and future stores in the greater metropolitan Detroit, Michigan, trading area, excluding office clerical employees, store manager, executives, guards and supervisors as defined in the National Labor Relations Act, as amended, and tailor shop employees who are under separate contract with UNITE.

and

All present and future fitters, journeymen tailors, pressers, helpers, machine operators, finishers, markers, rippers, Ladies Alteration Department employees, Monogram Shop employees, and floor personnel employed by respondent in the following counties in the State of Michigan, to-wit: Wayne, Oakland, Macomb, Washtenaw, Jackson, St. Clair, Lapeer, Genesse, and Monroe, but excluding supervisors and other management personnel.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guar-

---

1. The complaint was originally issued in December 1999, and an informal settlement agreement was approved by the Regional Director in February 2000. The Regional Director later concluded the respondent had failed to comply with the terms of the settlement agreement, and, in July 2000, set that agreement aside and reissued the complaint. The respondent did not file an answer to the reissued complaint and the Board granted General Counsel's motion for summary judgment in its decision and order of September 29, 2000.

anteed them by Section 7 of the National Labor Relations Act (the "Act").

2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:

(a) On request, bargain with the Union as the exclusive representative of the employees in the appropriate units set forth above concerning terms and conditions of employment and, if an understanding is reached, embody the understanding is a signed agreement.

(b) Within 14 days after service by the Region, post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the respondent has gone out of business or closed its facility involved in these proceedings, the respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the respondent at any time since April 29, 1999.

(c) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the respondent has taken to comply with this judgment.

## APPENDIX

## NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.

WE WILL NOT fail and refuse to bargain with the Chicago and Central States Joint Board, Union of Needletrades Industrial Textile Employees, AFL–CIO, as the exclusive representative of our employees in the following appropriate units:

All employees of our present and future stores in the greater metropolitan Detroit, Michigan trading area, excluding office clerical employees, store manager, executives, guards and supervisors as defined in the National Labor Relations Act, as amended, and tailor shop employees who are under separate contract with UNITE.

and

All present and future fitters, journeymen tailors, pressers, helpers, machine operators, finishers, markers, rippers, Ladies Alteration Department employees, Monogram Shop employees and floor personnel employed by us in the following counties in the State of Michigan, to-wit: Wayne, Oakland, Macomb, Washtenaw, Jackson, St. Clair, Lapeer, Genesse and Monroe, but excluding supervisors and other management personnel.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce

you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL, on request, bargain with the Union, and put in writing and sign any agreement reached on terms and conditions of employment for our employees in the bargaining units set forth above.

T    & C, LLC D/B/A HOT SAM'S QUALITY CLOTHES